# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL PETROCHEMICAL & REFINERS ASSOCIATION, AMERICAN TRUCKING ASSOCIATIONS, CENTER FOR NORTH AMERICAN ENERGY SECURITY, and THE CONSUMER ENERGY ALLIANCE,<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES GOLDSTENE, Executive Officer of the California Air Resources Board, MARY D. NICHOLS, DANIEL SPERLING, KEN YEAGER, DORENE D'ADAMO, BARBARA RIORDAN, JOHN R. BALMES, LYDIA H. KENNARD, SANDRA BERG, RON ROBERTS, RONALD O. LOVERIDGE, member of the California Air Resources Board; ARNOLD SCHWARZENEGGER, Governor of the state of Caliofrnia, and EDMUND BROWN, Attorney General of the state of California,<br><br>Defendants.<br>_____/<br>and related intervenor actions and amici.<br>_____/ | CASE NO. CV-F-10-163 LJO DLB<br><br>**ORDER ON OREGON PETROLEUM'S AMICUS CURIAE REQUEST** (Doc. 63) |

## BACKGROUND

On May 17, 2010, the Oregon Petroleum Association ("Oregon Petroleum") moved to appear as amicus curiae in the above-titled action. Because the pending motion to dismiss in this action is set

1

to be heard on June 16, 2010, this Court set an expedited briefing schedule on Oregon Petroleum's motion. On May 26, 2010, plaintiffs filed a statement of non-opposition, whereas defendants and defendant intervenors filed a joint opposition to Oregon Petroleum's motion. Oregon Petroleum filed a reply on June 2, 2010. Having considered the parties arguments and the relevant standards of law, this Court GRANTS Oregon Petroleum's motion.

## PARTIES' ARGUMENTS

Oregon Petroleum is an Oregon association of fuel distributors, retailers, commercial fueling and heating oil marketers; Oregon Petroleum members account for more than 65% of all petroleum products sold in Oregon. Oregon Petroleum contends that this Court should grants its motion to appear as amicus curiae because the issues in this action have ramifications beyond the current parties and Oregon Petroleum can provide a unique perspective on the issues raised by the parties to this action and the amici curiae.

Plaintiffs National Petrochemical & Refiners Association, American Trucking Associations, the Center for North American Energy Security, and the Consumer Energy Alliance do not oppose Oregon Petroleum's motion.

Defendants James Goldstene, Mary D. Nichols, Daniel Sperling, Ken Yeager, Dorene D'Adamo, Barbara Riordan, John R. Balmes, Lydia H. Kennard, Sandra Berg, Ron Roberts, John G. Telles, Ronaldo O. Loveridge, Arnold Schwarzenegger, and Edmund Brown ("defendants") and defendant intervenors National Resources Defense Council, Sierra Club, and Conservation Law Foundation ("defendant intervenors") oppose the motion, arguing that Oregon Petroleum's memorandum is unrelated to the California low carbon fuel standard ("LCFS") at issue in this action, does not add to the arguments raised in the pending motion, and is untimely.

## DISCUSSION

"There is no inherent right to file an amicus curiae brief with the Court." *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999). This Court retains broad discretion to either permit or reject the appearance of amicus curiae. *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1514 (9th Cir. 1987). "A court may grant leave to appear as an amicus if the information offered is timely and useful." *Waste Management of Pennsylvania, Inc.*, 162 F.R.D. 34, 36 (M.D. Pa. 1995). "An amicus brief

should normally be allowed when a party is not represented competently or is not represented at all." *Ryan v. Commodity Futures Trading Comm.*, 125 F.3d 1062, 1063 (7th Cir. 1997). "District courts frequently welcome amicus briefs from non-parties...if the amicus has unique information or perspective that can help the court beyond the help that the lawyers from the parties are able to provide." *Sonoma Falls Developers, L.L.C. v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (quotations omitted). In addition, participation of amicus curiae may be appropriate where legal issues in a case have potential ramifications beyond the parties directly involved. *Id.*

Oregon Petroleum "takes no position on whether the California Low Carbon Fuel Standard violates the Commerce Clause or whether it is preempted by federal law." OPA Amicus Brief, 1. But Oregon Petroleum surmises that if "Oregon adopts an LCFS, the issues decided in this litigation would very likely appear in litigation challenging an Oregon LCFS." OPA Amicus Brief, 2. Oregon Petroleum seeks to submit is amicus brief "in response to mistaken assertions in the State of Oregon's Amicus Brief." Specifically, Oregon Petroleum is concerned with Oregon's argument that "49 other states can follow California's lead without regard to the limitations of the Commerce Clause and federal preemption under the Clean Air Act ("CAA")."

Defendants and defendant intervenors contend that because Oregon Petroleum takes no position on the relevant issues raised in this motion, and concedes that it is only concerned with Oregon's proposed LCFS, Oregon Petroleum's proposed amicus brief is unnecessary, irrelevant and will be of no use to the Court. Defendants and defendant intervenors point out that the State of Oregon submitted a brief that addressed arguments as they relate to California's LCFS from the unique perspective of another state in the process of promulgating an LCFS. Moreover, defendants and defendant intervenors argue plaintiffs adequately represent Oregon Petroleum's perspective.

Oregon Petroleum's proposed amicus brief responds to the State of Oregon's arguments, which this Court has accepted for consideration. In its amicus brief, the State of Oregon requests that this Court's ruling be limited to California, and argues that no state is preempted from adopting low carbon fuel standards. Oregon Petroleum seeks to counter this argument, and address the issues raised in the State of Oregon's amicus brief. These arguments demonstrate that the issues in this case have potential ramifications beyond the parties directly involved and that Oregon Petroleum's perspective is unique

to the Oregon LCFS issue. To this extent, the Court finds that Oregon Petroleum's amicus brief is relevant and helpful. To the extent that Oregon's Petroleum's amicus brief presents arguments and facts specific to Oregon's LCFS that are wholly unrelated to this action and the issues currently pending, however, the brief will have no bearing on this Court's ultimate ruling on the pending motion to dismiss.

### CONCLUSION AND ORDER

For the foregoing reasons, and under the foregoing conditions, this Court GRANTS Oregon Petroleum's amicus curie motion.

IT IS SO ORDERED.

**Dated:   June 3, 2010**               /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE