EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
ROBERT W. BYRNE, State Bar No. 213155
Supervising Deputy Attorney General
GAVIN G. MCCABE, State Bar No. 130864
MARK POOLE, State Bar No. 194520
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5582
 Fax:  (415) 703-5480
 E-mail:  Mark.Poole@doj.ca.gov
*Attorneys for Defendants James Goldstene, et al.*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **NATIONAL PETROCHEMICAL & REFINERS ASSOCIATION, AMERICAN TRUCKING ASSOCIATIONS, THE CENTER FOR NORTH AMERICAN ENERGY SECURITY, and THE CONSUMER ENERGY ALLIANCE,**<br><br>Plaintiffs,<br><br>v.<br><br>**JAMES GOLDSTENE, in his official capacity as Executive Officer of the California Air Resources Board; MARY D. NICHOLS, DANIEL SPERLING, KEN YEAGER, DORENE D'ADAMO, BARBARA RIORDAN, JOHN R. BALMES, LYDIA H. KENNARD, SANDRA BERG, RON ROBERTS, JOHN G. TELLES, and RONALD O. LOVERIDGE, in their official capacities as members of the California Air Resources Board; ARNOLD SCHWARZENEGGER in his official capacity as Governor of the State of California; and EDMUND G. BROWN JR. in his official capacity as Attorney General of the State of California,**<br><br>Defendants. | CV-F-10-0163 LJO DLB<br><br>**DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

1

1    Defendants, James Goldstene, in his official capacity as Executive Officer of the California

2  Air Resources Board, Mary D. Nichols, Daniel Sperling, Ken Yeager, Dorene D'Adamo, Barbara

3  Riordan, John R. Balmes, Lydia H. Kennard, Sandra Berg, Ron Roberts, John G. Telles, and

4  Ronald O. Loveridge, in their official capacities as members of the California Air Resources

5  Board, Arnold Schwarzenegger in his official capacity as Governor of the State of California, and

6  Edmund G. Brown, Jr. in his official capacity as Attorney General of the State of California

7  hereby answer the "Complaint for Declaratory and Injunctive Relief and Jury Demand" filed

8  February 2, 2010 ("Complaint") by National Petrochemical & Refiners Association, *et al.*

9  ("Plaintiffs") as follows:

## INTRODUCTION AND SUMMARY

11    1.    The allegations in paragraph 1 are plaintiffs' characterizations and contentions

12  regarding the claims set forth and the corresponding relief sought in the Complaint.  Defendants

13  allege that the Complaint speaks for itself.  To the extent that a response is required, defendants

14  deny these allegations on the grounds that the Complaint is the best evidence of its contents.

15    2.    The allegations in paragraph 2 are plaintiffs' characterizations and contentions

16  regarding the claims set forth and the corresponding relief sought in the Complaint.  Defendants

17  allege that the Complaint speaks for itself.  To the extent that a response is required, defendants

18  deny these allegations on the grounds that the Complaint is the best evidence of its contents.

19
20  Moreover, the allegations contained in paragraph 2 are conclusions of law to which no response is

21  required.  To the extent that a response is required, defendants deny the allegations.

22    3.    The allegations contained in paragraph 3 are conclusions of law to which no

23  response is required.  To the extent that a response is required, defendants deny the allegations.

24  In addition, the allegations in paragraph 3 are plaintiffs' characterizations and contentions

25  concerning California's Low Carbon Fuel Standard ("LCFS").  Defendants allege that the LCFS

26
27  speaks for itself.  Defendants deny the allegations on the grounds that the LCFS is the best

28  evidence of its contents.

4.　　　The allegations in paragraph 4 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

5.　　　The allegations in paragraph 5 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.  Moreover, the allegations in paragraph 5 are plaintiffs' characterizations and contentions concerning the LCFS.  Defendants allege that the LCFS speaks for itself.  Defendants deny the allegations on the grounds that the LCFS is the best evidence of its contents.

6.　　　The allegations in paragraph 6 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

7.　　　The allegations contained in paragraph 7 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations. In addition, the allegations in paragraph 7 are plaintiffs' characterizations and contentions concerning the LCFS.  Defendants allege that the LCFS speaks for itself.  Defendants deny the allegations on the grounds that the LCFS is the best evidence of its contents.

8.　　　The allegations in paragraph 8 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

### THE PARTIES

9.　　　Defendants lack sufficient information or belief to form an opinion as to the truth of the all allegations in paragraph 9, and on that basis, deny the allegations.

10.　　　Defendants lack sufficient information or belief to form an opinion as to the truth of all allegations in paragraph 10, and on that basis, deny the allegations.

11.　　　Defendants lack sufficient information or belief to form an opinion as to the truth of all allegations in paragraph 11, and on that basis, deny the allegations.

12.     Defendants lack sufficient information or belief to form an opinion as to the truth of all allegations in paragraph 12, and on that basis, deny the allegations.

13.     The allegations in paragraph 13 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

14.     Defendants lack sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 14, and on that basis, deny the allegations.

15.     The allegations in paragraph 15 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

16.     Defendants admit the first sentence of paragraph 16.  The allegations in the second and third sentences of paragraph 16 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

17.     Defendants admit that Mary D. Nichols, Daniel Sperling, Ken Yeager, Dorene D'Adamo, Barbara Riordan, John R. Balmes, Lydia H. Kennard, Sandra Berg, Ron Roberts, John G. Telles, and Ronald O. Loveridge are members of CARB.  The allegation in the second part of the first sentence of paragraph 17 that the aforementioned CARB members are sued in their official capacity contains conclusions of law to which no response is required and is plaintiffs' characterization of the contents of the Complaint.  Defendants allege that the Complaint speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the Complaint is the best evidence of its contents.

18.     Defendants admit the first sentence of paragraph 18.  The allegations in the second sentence of paragraph 18 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.  Moreover, the allegations in paragraph 18 contain plaintiff's characterization of the contents of the Complaint.  Defendants

4

allege that the Complaint speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the Complaint is the best evidence of its contents.

19.    Defendants admit the first sentence of paragraph 19.  The allegations in the second sentence of paragraph 19 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.  Moreover, the allegations in paragraph 19 contain plaintiff's characterization of the contents of the Complaint.  Defendants allege that the Complaint speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the Complaint is the best evidence of its contents.

## JURISDICTION

20.    The allegations in paragraph 20 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

21.    The allegations in paragraph 21 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

## VENUE

22.    The allegations in paragraph 22 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

## FACTUAL BACKGROUND

23.    The allegations in paragraph 23 are plaintiffs' characterizations and contentions concerning Governor Schwarzenegger's Executive Order S-01-07 (Jan. 18, 2007).  Defendants allege that the Executive Order speaks for itself.  To the extent that a response is required, defendants deny the allegations on the grounds that the Executive Order is the best evidence of its contents.

24.     The allegations in paragraph 24 are plaintiffs' characterizations and contentions concerning Governor Schwarzenegger's White Paper on the LCFS.  Defendants allege that the White Paper on the LCFS speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the White Paper is the best evidence of its contents.

25.     Defendants deny the allegations in paragraph 25.  Defendants affirmatively allege that they have stated that the LCFS "is designed to reduce California's dependence on petroleum, create a long lasting market for clean transportation technology, and stimulate the production and use of alternative, low-carbon fuels in California." *See* ISOR p. ES-1

26.     Defendants admit the allegations in paragraph 26.

27.     Defendants admit the allegations in paragraph 27.

28.     Defendants deny the allegations in paragraph 28.

29.     Defendants deny the allegations in paragraph 29.  Defendants affirmatively allege that on November 25, 2009 CARB submitted the first part of the LCFS regulation to the Office of Administrative Law ("OAL") for review and approval.

30.     The allegations in paragraph 30 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.  Defendants affirmatively allege that on January 12, 2010, OAL approved the first part of the LCFS regulation.

31.     The allegations in paragraph 31 are plaintiffs' characterizations and contentions concerning the LCFS.  Defendants allege that the LCFS speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in paragraph 31 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

6

32.     The allegations in paragraph 32 are plaintiffs' characterizations and contentions concerning the LCFS.  Defendants allege that the LCFS speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in paragraph 32 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

33.     The allegations in paragraph 33 are plaintiffs' characterizations and contentions concerning the LCFS.  Defendants allege that the LCFS speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in paragraph 33 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

34.     The allegations in paragraph 34 are plaintiffs' characterizations and contentions concerning the LCFS.  Defendants allege that the LCFS speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in paragraph 34 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

35.     The allegations in paragraph 35 are plaintiffs' characterizations and contentions concerning the LCFS.  Defendants allege that the LCFS speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in paragraph 35 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

36.     The allegations in paragraph 36 are plaintiffs' characterizations and contentions concerning the LCFS.  Defendants deny the allegations on the grounds that the LCFS is the best evidence of its contents.   Defendants allege that the LCFS speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in paragraph 36 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

37.     The allegations in paragraph 37 contain plaintiffs' characterizations and contentions of a purported statement by CARB, the source of which is not identified.  To the extent that any such statement was made, defendants allege that the source of such statement speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the source of the statement is the best evidence of its contents.

38.     The allegations in paragraph 38 are plaintiffs' characterizations and contentions concerning the LCFS.  Defendants allege that the LCFS speaks for itself.  To the extent that a response is required, defendants deny the allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in paragraph 38 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

39.     The allegations in paragraph 39 are plaintiffs' characterizations and contentions concerning the LCFS.  Defendants allege that the LCFS speaks for itself.  To the extent that a response is required, defendants deny the allegations on the grounds that the LCFS is the best evidence of its contents.

40.     Defendants admit that in paragraph 40 plaintiffs accurately quote LCFS § 95481(a)(11).

8

41.     Defendants admit that in paragraph 41 plaintiffs accurately quote LCFS § 95481(a)(28).

42.     The allegations in paragraph 42 are plaintiffs' characterizations and contentions concerning the LCFS.  Defendants allege that the LCFS speaks for itself.  To the extent that a response is required, defendants deny the allegations on the grounds that the LCFS is the best evidence of its contents.

43.     The allegations in paragraph 43 are plaintiffs' characterizations and contentions regarding the LCFS.  Defendants allege that the LCFS speaks for itself.  To the extent that a response is required, defendants deny the allegations on the grounds that the LCFS is the best evidence of its contents.

44.     The allegations in paragraph 44 are plaintiffs' characterizations and contentions concerning the LCFS.  Defendants allege that the LCFS speaks for itself.  To the extent that a response is required, defendants deny the allegations on the grounds that the LCFS is the best evidence of its contents.

45.     The allegations in paragraph 45 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

46.     The allegations in paragraph 46 contain plaintiffs' characterizations and contentions of a purported statement by CARB, the source of which is not identified.  To the extent that any such statement was made, defendants allege that the source of such statement speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the source of the statement is the best evidence of its contents.

47.     The allegations in paragraph 47 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

9

48.     The allegations in paragraph 48 are plaintiffs' characterizations and contentions regarding CARB's document , *California's Low Carbon Fuels Standard: An Update on the California Air Resources Board's Low Carbon Fuel Standard Program* (Oct. 2009).  Defendants allege that this document speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the document is the best evidence of its contents.

49.     The allegations in paragraph 49 are plaintiffs' characterizations and contentions regarding CARB's document titled, *California's Low Carbon Fuels Standard: An Update on the California Air Resources Board's Low Carbon Fuel Standard Program* (Oct. 2009).  Defendants allege that this document speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the document is the best evidence of its contents.

50.     Defendants deny all allegations in paragraph 50.  The allegations in paragraph 50 contain plaintiffs' characterizations and contentions of the LCFS and the Final Statement of Reasons.  Defendants allege that the LCFS and the Final Statement of Reasons speak for themselves.  To the extent that a response is required, defendants deny these allegations on the grounds that the LCFS and the Final Statement of Reasons are the best evidence of their contents.

51.     The allegations in paragraph 51 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

52.     The allegations in paragraph 52 contain plaintiffs' characterizations and contentions of the LCFS.   Defendants allege that the LCFS speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in paragraph 52 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

53.     The allegations in paragraph 53 contain plaintiffs' characterizations and contentions of a purported statement by CARB, the source of which is not identified.  To the extent that any such statement was made, defendants allege that the source of such statement speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the source of the statement is the best evidence of its contents.  Moreover, the allegations in paragraph 53 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

54.     The allegations in paragraph 54 contain plaintiffs' characterizations and contentions regarding the LCFS.  Defendants allege that the LCFS speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the LCFS is the best evidence of its contents.

55.     The allegations in paragraph 55 contain plaintiffs' characterizations and contentions regarding the LCFS.  Defendants allege that the LCFS speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the LCFS is the best evidence of its contents.

56.     The allegations in paragraph 56 contain plaintiffs' characterizations and contentions regarding the LCFS.  Defendants allege that the LCFS speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in paragraph 56 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

57.     The allegations in paragraph 57 contain plaintiffs' characterizations and contentions regarding the LCFS.  Defendants allege that the LCFS speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the LCFS is the

1
2
3
4

best evidence of its contents.  Moreover the allegations in paragraph 57 are plaintiffs' interpretations and assumptions and contain conclusions of law to which no response is required. To the extent that a response is required, defendants deny the allegations.

5
6
7
8
9
10

58.     The allegations in paragraph 58 contain plaintiffs' characterizations and contentions regarding the LCFS.  Defendants allege that the LCFS speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in paragraph 58 contain conclusions of law and plaintiffs' interpretations and assumptions to which no response is required.  To the extent that a response is required, defendants deny the allegations.

11
12
13

59.     The allegations in paragraph 59 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

14
15
16
17
18
19
20

60.     The allegations in paragraph 60 contain plaintiffs' characterizations and contentions regarding the LCFS.  Defendants allege that the LCFS speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in paragraph 60 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

21
22
23
24
25

61.     The allegations in paragraph 61 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.  Moreover, the allegations in paragraph 61 contain plaintiff's characterizations and contentions regarding the LCFS.  The LCFS speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the LCFS is the best evidence of its contents.

26
27
28

62.     The allegations in paragraph 62 contain plaintiffs' characterizations and contentions regarding the LCFS.  Defendants allege that the LCFS speaks for itself.  To the extent

12

that a response is required, defendants deny these allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in paragraph 62 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

63.    The allegations in paragraph 63 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

64.    The allegations in paragraph 64 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

65.    The allegations in paragraph 65 contain plaintiffs' characterizations and contentions regarding Executive Order S-01-07.  Defendants allege that the Executive Order speaks for itself.  To the extent that a response is required, defendants deny the allegations on the grounds that Executive Order S-01-07 is the best evidence of its contents.  Moreover, the allegations in paragraph 65 contain conclusions of law to which no response is required.

66.    The allegations in paragraph 66 contain plaintiffs' characterizations and contentions regarding CARB's news release titled, *California Adopts Low Carbon Fuel Standard* (Apr. 23, 2009).  Defendants allege that the April 23, 2009 news release speaks for itself.  To the extent that a response is required, defendants deny the allegations on the grounds that the April 23, 2009 news release is the best evidence of its contents.

67.    The allegations in paragraph 67 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

68.    The allegations in paragraph 68 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.

69.    The allegations in paragraph 69 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.  Moreover,

13

plaintiffs' allegations misrepresent CARB's statement in the document titled, *California's Low Carbon Fuel Standard: An Update on the California Air Resources Board's Low Carbon Fuel Standard Program* (Oct. 2009). Defendants allege that the document speaks for itself. To the extent that a response is required, defendants deny the allegations on the grounds that the document is the best evidence of its contents.

70.     The allegations in paragraph 70 contain plaintiffs' characterizations and contentions regarding the LCFS. Defendants allege that the LCFS speaks for itself. To the extent that a response is required, defendants deny these allegations on the grounds that the LCFS is the best evidence of its contents.

71.     The allegations in paragraph 71 contain plaintiffs' characterizations and contentions regarding the LCFS. Defendants allege that the LCFS speaks for itself. To the extent that a response is required, defendants deny these allegations on the grounds that the LCFS is the best evidence of its contents.

72.     The allegations in paragraph 72 contain conclusions of law to which no response is required. To the extent that a response is required, defendants deny the allegations.

73.     The allegations in paragraph 73 contain conclusions of law to which no response is required. To the extent that a response is required, defendants deny the allegations.

74.     The allegations in paragraph 74 contain conclusions of law to which no response is required. To the extent that a response is required, defendants deny the allegations. Moreover, the allegations in paragraph 74 contain plaintiffs' characterizations and contentions regarding the LCFS. Defendants allege that the LCFS speaks for itself. To the extent that a response is required, defendants deny these allegations on the grounds that the LCFS is the best evidence of its contents.

14

75.    The allegations in paragraph 75 contain plaintiffs' characterizations and contentions regarding the Energy Policy Act of 2005 (EPAct 2005), Pub. L. No. 109-58, 119 Stat. 594 and the Energy Independence and Security Act of 2007 (EISA) §§ 201 *et seq*., Pub. L. No. 110-140, 121 Stat. 1492.  Defendants allege that the EPAct 2005 and the EISA speak for themselves.  To the extent that a response is required, defendants deny these allegations on the grounds that the EPAct 2005 and EISA are the best evidence of their contents.

76.    The allegations in paragraph 76 set forth statutory language to which no response is required.  To the extent that a response is required, defendants deny the allegations.

77.    The allegations in paragraph 77 set forth statutory language to which no response is required.  To the extent that a response is required, defendants deny the allegations.

78.    The allegations in paragraph 78 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.  Moreover, the allegations in paragraph 78 are plaintiffs' characterizations and contentions regarding the EISA.  Defendants allege that the EISA speaks for itself. To the extent that a response is required, defendants deny these allegations on the grounds that the EISA is the best evidence of its contents.

79.    The allegations in paragraph 79 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.  Moreover, the allegations in paragraph 79 are plaintiffs' characterizations and contentions regarding the EISA.  Defendants allege that the EISA speaks for itself. To the extent that a response is required, defendants deny these allegations on the grounds that the EISA is the best evidence of its contents.

80.    The allegations in paragraph 80 contain conclusions of law to which no response is required.  To the extent that a response is required, defendants deny the allegations.  Moreover,

the allegations in paragraph 80 are plaintiffs' characterizations and contentions regarding the EISA. Defendants allege that the EISA speaks for itself. To the extent that a response is required, defendants deny these allegations on the grounds that the EISA is the best evidence of its contents.

81.     The allegations in paragraph 81 contain conclusions of law to which no response is required. To the extent that a response is required, defendants deny the allegations.

82.     The allegations in paragraph 82 contain conclusions of law to which no response is required. To the extent that a response is required, defendants deny the allegations. Moreover, the second sentence in paragraph 82 contains plaintiffs' characterizations and contentions regarding the CARB news release titled *California Adopts Low Carbon Fuel Standard* (Apr. 23, 2009). Defendants allege the news release speaks for itself. To the extent that a response is required, defendants deny these allegations on the grounds that the April 23, 2009 news release is the best evidence of its contents.

83.     The allegations in paragraph 83 contain conclusions of law to which no response is required. To the extent that a response is required, defendants deny the allegations.

## FIRST CLAIM FOR RELIEF

84.     Responding to the allegations contained in paragraph 84 of the Complaint, defendants incorporate their responses to paragraphs 1 through 83, inclusive, as set forth above.

85.     The allegations contained in paragraph 85 are conclusions of law to which no response is required. To the extent that a response is required, defendants deny these allegations.

86.     The allegations contained in paragraph 86 are conclusions of law to which no response is required. To the extent that a response is required, defendants deny these allegations.

87.     The allegations contained in paragraph 87 are conclusions of law to which no response is required. To the extent that a response is required, defendants deny these allegations.

16

88.     The allegations contained in paragraph 88 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

89.     The allegations contained in paragraph 89 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

90.     The allegations contained in paragraph 90 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

91.     The allegations contained in paragraph 91 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

92.     The allegations contained in paragraph 92 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

## SECOND CLAIM FOR RELIEF

93.     Responding to the allegations contained in paragraph 93 of the Complaint, defendants incorporate their responses to paragraphs 1 through 92, inclusive, as set forth above.

94.     The allegations contained in paragraph 94 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

95.     Defendants deny all allegations in paragraph 95.

96.     The allegations contained in paragraph 96 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

97.     Defendants deny all allegations in paragraph 97.

98.     The allegations contained in paragraph 98 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

99.     The allegations contained in paragraph 99 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

100.     The allegations contained in paragraph 100 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

101.     The allegations contained in paragraph 101 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

## THIRD CLAIM FOR RELIEF

102.     Responding to the allegations contained in paragraph 102 of the Complaint, defendants incorporate their responses to paragraphs 1 through 101, inclusive, as set forth above.

103.     The allegations contained in paragraph 103 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

104.     The allegations contained in paragraph 104 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations. Moreover, the allegations contained in paragraph 104 are plaintiffs' characterizations and contentions regarding the LCFS.  Defendants allege that the LCFS speaks for itself.  To the extent that a response is required, defendants deny these allegations on the grounds that the LCFS is the best evidence of its contents.

105.     The allegations contained in paragraph 105 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

106.     The allegations contained in paragraph 106 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

107.     The allegations contained in paragraph 107 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

108.     The allegations contained in paragraph 108 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

18

109.    The allegations contained in paragraph 109 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

110.    The allegations contained in paragraph 110 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

## FOURTH CLAIM FOR RELIEF

111.    Responding to the allegations contained in paragraph 111 of the Complaint, defendants incorporate their responses to paragraphs 1 through 110, inclusive, as set forth above.

112.    The allegations contained in paragraph 112 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

113.    The allegations contained in paragraph 113 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

114.    The allegations contained in paragraph 114 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

115.    The allegations contained in paragraph 115 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

116.    The allegations contained in paragraph 116 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

117.    The allegations contained in paragraph 117 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

118.    The allegations contained in paragraph 118 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

119.    The allegations contained in paragraph 119 are conclusions of law to which no response is required.  To the extent that a response is required, defendants deny these allegations.

19

## RELIEF REQUESTED AND DEMAND FOR A JURY TRIAL

120.    The remaining allegations in the Complaint are the plaintiffs' requests for relief and demand for a trial by jury to which no response is required.  To the degree that a response is required, defendants deny these allegations.

## AFFIRMATIVE DEFENSES

1.    The Court lacks subject matter jurisdiction over each and every one of plaintiffs' claims for relief.

2.    Venue does not lie in this Court.

3.    The plaintiffs' claims should be dismissed due to the failure to state sufficient facts to constitute a claim against the defendants.

4.    The plaintiffs' claims should be dismissed due to the plaintiffs' lack of standing to raise their claims against the defendants.

5.    The plaintiffs' claims should be dismissed due to the plaintiffs' unclean hands in bringing this petition.

6.    The plaintiffs' claims should be dismissed on the grounds that the claims are not ripe.

7.    The Clean Air Act authorizes California to adopt the LCFS.

WHEREFORE, the defendants pray that:

1.  The Complaint be dismissed;

2.  The plaintiffs take nothing by their action;

3.  Judgment be awarded against the plaintiffs and in favor of the defendants;

4.  Defendants be awarded their costs of suit; and

5.  Any other relief deemed appropriate by this Court.

Defendants' Answer to Complaint for Declaratory and Injunctive Relief (CV-F-10-0163 LJO DLB)

1

2   Dated:  July 14, 2010                         Respectfully submitted,

3                                                 EDMUND G. BROWN JR.
                                                  Attorney General of California
                                                  ROBERT W. BYRNE
4                                                 Supervising Deputy Attorney General

5

6                                                 /s/ Mark Poole
                                                  MARK POOLE
7                                                 Deputy Attorney General
                                                  *Attorneys for Defendants James Goldstene, et al.*

8
    SF2010400278
9   20309085.doc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Answer to Complaint for Declaratory and Injunctive Relief (CV-F-10-0163 LJO DLB)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **National Petrochemical & Refiners Assn. et al. v. Goldstene, et al.**

No.:            **10-CV-00163 LJO DLB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 14, 2010, I served the attached **DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Marie L. Fiala, Esq.
Counsel for Plaintiffs
Sidley Austin LLP - San Francisco
555 California Street, Suite 2000
San Francisco, CA  94104-1715

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 14, 2010, at San Francisco, California.

| | |
|---|---|
| Elza C. Moreira | S/ |
| Declarant | Signature |

SF2010400278
40437145.doc