DAVID PETTIT (SBN 67128)
MELISSA LIN PERRELLA (SBN 205019)
NATURAL RESOURCES DEFENSE COUNCIL
1314 Second Street
Santa Monica, California 90401
Telephone:  (310) 434-2300
Facsimile:  (310) 434-2399
E-mail:      dpettit@nrdc.org; mlinperrella@nrdc.org
Attorneys for Defendants-Intervenors
Natural Resources Defense Council, Inc.
[list of counsel continued below]

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL PETROCHEMICAL & REFINERS ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES N. GOLDSTENE, et al.,<br><br>Defendants<br><br>and related intervenor action | Case No. 1:10-cv-00163-LJO-DLB<br><br>**DEFENDANTS-INTERVENORS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendants-Intervenors Conservation Law Foundation, Natural Resources Defense Council, Inc., and Sierra Club (collectively "Intervenors"), hereby answer the "Complaint for Declaratory and Injunctive Relief and Jury Demand" filed February 2, 2010 ("Complaint") by National Petrochemical & Refiners Association, *et al.* ("Plaintiffs") as follows:

## **INTRODUCTION AND SUMMARY**

1.    The allegations in Paragraph 1 are Plaintiffs' characterizations and contentions regarding the claims set forth and the corresponding relief sought in the Complaint. To the extent that a response is required, Intervenors deny these allegations on the grounds that the Complaint is the best evidence of its contents.

2.    The allegations in Paragraph 2 are Plaintiffs' characterizations and contentions regarding the claims set forth and the corresponding relief sought in the Complaint. To the extent that a response is required, Intervenors deny these allegations on the grounds that the Complaint is the best evidence of its contents. Moreover, the allegations contained in Paragraph 2 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

3.    The allegations contained in Paragraph 3 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations. In addition, the allegations in Paragraph 3 are Plaintiffs' characterizations and contentions concerning California's Low Carbon Fuel Standard ("LCFS"). Intervenors deny the allegations on the grounds that the LCFS is the best evidence of its contents.

4.    The allegation in Paragraph 4 contains conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegation.

Defendants-Intervenors' Answer to Complaint for Declaratory and Injunctive Relief,
Case No. 1:10-cv-00163-LJO-DLB            2

5.      The allegations in Paragraph 5 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.  Moreover, the allegations in Paragraph 5 are Plaintiffs' characterizations and contentions concerning the LCFS.  Intervenors deny the allegations on the grounds that the LCFS is the best evidence of its contents.

6.      The allegations in Paragraph 6 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

7.      The allegations contained in Paragraph 7 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.  In addition, the allegations in Paragraph 7 are Plaintiffs' characterizations and contentions concerning the LCFS.  Intervenors deny the allegations on the grounds that the LCFS is the best evidence of its contents.

8.      The allegations in Paragraph 8 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

## THE PARTIES

9.      Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis, deny the allegations.

10.     Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis, deny the allegations.

11.     Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis, deny the allegations.

12.     Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis, deny the allegations.

13.     The allegations in Paragraph 13 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

14.     Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis, deny the allegations.

15.     The allegations in Paragraph 15 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

16.     Intervenors admit the first sentence of Paragraph 16.  The allegations in the second and third sentences of Paragraph 16 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

17.     Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 with respect to the named Defendants' membership in CARB, and on that basis, deny the allegations.  The allegation in the second part of the first sentence of Paragraph 17 that the purported CARB members are sued in their official capacity contains conclusions of law to which no response is required, and is Plaintiffs' characterization of the contents of the Complaint.  To the extent that a response is required, Intervenors deny these allegations on the grounds that Complaint is the best evidence of its contents.

18.     Intervenors admit the first sentence of Paragraph 18.  The allegations in the second sentence of Paragraph 18 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.  Moreover, the allegations in Paragraph 18 contain Plaintiffs' characterization of the contents of the Complaint.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the Complaint is the best evidence of its contents.

19.    Intervenors admit the first sentence of Paragraph 19.  The allegations in the second sentence of Paragraph 19 contain conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.  Moreover, the allegations in Paragraph 19 contain Plaintiffs' characterization of the contents of the Complaint. To the extent that a response is required, Intervenors deny these allegations on the grounds that the Complaint is the best evidence of its contents.

## JURISDICTION

20.    The allegations in Paragraph 20 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

21.    The allegations in Paragraph 21 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

## VENUE

22.    The allegations in Paragraph 22 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

## FACTUAL BACKGROUND

23.    The allegations in Paragraph 23 are Plaintiffs' characterizations and contentions concerning Governor Schwarzenegger's Executive Order S-01-07 (Jan. 18, 2007).  To the extent that a response is required, Intervenors deny the allegations on the grounds that the Executive Order is the best evidence of its contents.

24.    The allegations in Paragraph 24 are Plaintiffs' characterizations and contentions concerning Governor Schwarzenegger's White Paper on the LCFS.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the White Paper is the best evidence of its contents.

25. Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and on that basis, deny the allegations.

26. Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and on that basis, deny the allegations.

27. Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and on that basis, deny the allegations.

28. Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and on that basis, deny the allegations.

29. Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and on that basis, deny the allegations.

30. The allegations in Paragraph 30 contain conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

31. The allegations in Paragraph 31 are Plaintiffs' characterizations and contentions concerning the LCFS. To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents. Moreover, the allegations in Paragraph 31 contain conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

32. The allegations in Paragraph 32 are Plaintiffs' characterizations and contentions concerning the LCFS. To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents. Moreover, the allegations in Paragraph 32 contain conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

33.     The allegations in Paragraph 33 are Plaintiffs' characterizations and contentions concerning the LCFS.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in Paragraph 33 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

34.     The allegations in Paragraph 34 are Plaintiffs' characterizations and contentions concerning the LCFS.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in Paragraph 34 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

35.     The allegations in Paragraph 35 are Plaintiffs' characterizations and contentions concerning the LCFS.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in Paragraph 35 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

36.     The allegations in Paragraph 36 are Plaintiffs' characterizations and contentions concerning the LCFS.  Intervenors deny the allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in Paragraph 36 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

37.     The allegations in Paragraph 37 contain Plaintiffs' characterizations and contentions of a purported statement by CARB, the source of which is not identified.  To the

extent that a response is required, Intervenors deny these allegations on the grounds that the source of the statement, if any such statement was made, is the best evidence of its contents.

38. The allegations in Paragraph 38 are Plaintiffs' characterizations and contentions concerning the LCFS. To the extent that a response is required, Intervenors deny the allegations on the grounds that the LCFS is the best evidence of its contents. Moreover, the allegations in Paragraph 38 contain conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

39. The allegations in Paragraph 39 are Plaintiffs' characterizations and contentions concerning the LCFS. To the extent that a response is required, Intervenors deny the allegations on the grounds that the LCFS is the best evidence of its contents.

40. Intervenors admit that in Paragraph 40, Plaintiffs accurately quote LCFS § 95481(a)(11).

41. Intervenors admit that in Paragraph 41, Plaintiffs accurately quote LCFS § 95481(a)(28).

42. The allegations in Paragraph 42 are Plaintiffs' characterizations and contentions concerning the LCFS. To the extent that a response is required, Intervenors deny the allegations on the grounds that the LCFS is the best evidence of its contents.

43. The allegations in Paragraph 43 are Plaintiffs' characterizations and contentions concerning the LCFS. To the extent that a response is required, Intervenors deny the allegations on the grounds that the LCFS is the best evidence of its contents.

44. The allegations in Paragraph 44 are Plaintiffs' characterizations and contentions concerning the LCFS. To the extent that a response is required, Intervenors deny the allegations on the grounds that the LCFS is the best evidence of its contents.

45.     The allegations in Paragraph 45 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

46.     The allegations in Paragraph 46 contain Plaintiffs' characterizations and contentions of a purported statement by CARB, the source of which is not identified.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the source of the statement, if such a statement was made, is the best evidence of its contents.

47.     The allegations in Paragraph 47 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

48.     The allegations in Paragraph 48 are Plaintiffs' characterizations and contentions regarding CARB's document titled *California's Low Carbon Fuels Standard: An Update on the California Air Resources Board's Low Carbon Fuel Standard Program* (Oct. 2009).  To the extent that a response is required, Intervenors deny these allegations on the grounds that the document is the best evidence of its contents.

49.     The allegations in Paragraph 49 are Plaintiffs' characterizations and contentions regarding CARB's document titled *California's Low Carbon Fuels Standard: An Update on the California Air Resources Board's Low Carbon Fuel Standard Program* (Oct. 2009).  To the extent that a response is required, Intervenors deny these allegations on the grounds that the document is the best evidence of its contents.

50.     Intervenors deny all allegations in Paragraph 50.  The allegations in Paragraph 50 contain Plaintiffs' characterizations and contentions of the LCFS and the Final Statement of Reasons.  Intervenors allege that the LCFS and the Final Statement of Reasons speak for themselves.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.

51. The allegations in Paragraph 51 contain conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

52. The allegations in Paragraph 52 contain Plaintiffs' characterizations and contentions of the LCFS. To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents. Moreover, the allegations in Paragraph 52 contain conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

53. The allegations in Paragraph 53 contain Plaintiffs' characterizations and contentions of a purported statement by CARB, the source of which is not identified. To the extent that a response is required, Intervenors deny these allegations on the grounds that the source of the statement, if such statement was made, is the best evidence of its contents. Moreover, the allegations in Paragraph 53 contain conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

54. The allegations in Paragraph 54 contain Plaintiffs' characterizations and contentions regarding the LCFS. To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.

55. The allegations in Paragraph 55 contain Plaintiffs' characterizations and contentions regarding the LCFS. To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.

56. The allegations in Paragraph 56 contain Plaintiffs' characterizations and contentions regarding the LCFS. To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents. Moreover,

the allegations in Paragraph 56 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

57.     The allegations in Paragraph 57 contain Plaintiffs' characterizations and contentions regarding the LCFS.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in Paragraph 57 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

58.     The allegations in Paragraph 58 contain Plaintiffs' characterizations and contentions regarding the LCFS.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in Paragraph 58 contain conclusions of law and Plaintiffs' interpretations and assumptions to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

59.     The allegations in Paragraph 59 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

60.     The allegations in Paragraph 60 contain Plaintiffs' characterizations and contentions regarding the LCFS.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in Paragraph 60 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

61.     The allegations in Paragraph 61 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.  Moreover, the allegations in Paragraph 61 contain plaintiff's characterizations and contentions

regarding the LCFS.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.

62.    The allegations in Paragraph 62 contain Plaintiffs' characterizations and contentions regarding the LCFS.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.  Moreover, the allegations in Paragraph 62 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

63.    The allegations in Paragraph 63 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

64.    The allegations in Paragraph 64 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

65.    The allegations in Paragraph 65 contain Plaintiffs' characterizations and contentions regarding Executive Order S-01-07.  To the extent that a response is required, Intervenors deny the allegations on the grounds that Executive Order S-01-07 is the best evidence of its contents.  Moreover, the allegations in Paragraph 65 contain conclusions of law to which no response is required.

66.    The allegations in Paragraph 66 contain Plaintiffs' characterizations and contentions regarding CARB's news release titled *California Adopts Low Carbon Fuel Standard* (April 23, 2009).  To the extent that a response is required, Intervenors deny the allegations on the grounds that the April 23, 2009 news release is the best evidence of its contents.

67.    The allegations in Paragraph 67 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

68.    The allegations in Paragraph 68 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

69.    The allegations in Paragraph 69 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations. Interevnors also deny the allegations on the grounds that the CARB document referred to by Plaintiffs is the best evidence of its contents.

70.    The allegations in Paragraph 70 contain Plaintiffs' characterizations and contentions regarding the LCFS.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.

71.    The allegations in Paragraph 71 contain Plaintiffs' characterizations and contentions regarding the LCFS.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.

72.    The allegations in Paragraph 72 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

73.    The allegations in Paragraph 73 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations.

74.    The allegations in Paragraph 74 contain conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny the allegations. Moreover, the allegations in Paragraph 74 contain Plaintiffs' characterizations and contentions regarding the LCFS.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.

75.    The allegations in Paragraph 75 contain Plaintiffs' characterizations and contentions regarding the Energy Policy Act of 2005 (EPAct 2005), Pub. L. No. 109-58, 119

Stat. 594 and the Energy Independence and Security Act of 2007 (EISA) §§ 201 *et seq.*, Pub. L. No. 110-140, 121 Stat. 1492. To the extent that a response is required, Intervenors deny these allegations on the grounds that the EPAct 2005 and EISA are the best evidence of their contents.

76. The allegations in Paragraph 76 set forth statutory language to which no response is required. Intervenors respectfully refer the Court to the cited statute for a true and correct statement of its contents.

77. The allegations in Paragraph 77 set forth statutory language to which no response is required. Intervenors respectfully refer the Court to the cited statute for a true and correct statement of its contents.

78. The allegations in Paragraph 78 contain conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations. Moreover, the allegations in Paragraph 78 are Plaintiffs' characterizations and contentions regarding the EISA. To the extent that a response is required, Intervenors deny these allegations on the grounds that the EISA is the best evidence of its contents.

79. The allegations in Paragraph 79 contain conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations. Moreover, the allegations in Paragraph 79 are Plaintiffs' characterizations and contentions regarding the EISA. To the extent that a response is required, Intervenors deny these allegations on the grounds that the EISA is the best evidence of its contents.

80. The allegations in Paragraph 80 contain conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations. Moreover, the allegations in Paragraph 80 are Plaintiffs' characterizations and contentions

regarding the EISA. To the extent that a response is required, Intervenors deny these allegations on the grounds that the EISA is the best evidence of its contents.

81.    The allegations in Paragraph 81 contain conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

82.    The allegations in Paragraph 82 contain conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations. . Moreover, the second sentence in Paragraph 82 contains Plaintiffs' characterizations and contentions regarding the CARB news release titled *California Adopts Low Carbon Fuel Standard* (Apr. 23, 2009). To the extent that a response is required, Intervenors deny these allegations on the grounds that the news release is the best evidence of its contents.

83.    The allegations in Paragraph 83 contain conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

### FIRST CLAIM FOR RELIEF

84.    Responding to the allegations contained in Paragraph 84 of the Complaint, Intervenors incorporate their responses to Paragraphs 1 through 83, inclusive, as set forth above.

85.    The allegations contained in Paragraph 85 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations.

86.    The allegations contained in Paragraph 86 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations.

87. The allegations contained in Paragraph 87 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations.

88. The allegations contained in Paragraph 88 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations.

89. The allegations contained in Paragraph 89 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations.

90. The allegations contained in Paragraph 90 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations.

91. The allegations contained in Paragraph 91 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations.

92. The allegations contained in Paragraph 92 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations.

## SECOND CLAIM FOR RELIEF

93. Responding to the allegations contained in Paragraph 93 of the Complaint, Intervenors incorporate their responses to Paragraphs 1 through 92, inclusive, as set forth above.

Defendants-Intervenors' Answer to Complaint for Declaratory and Injunctive Relief, Case No. 1:10-cv-00163-LJO-DLB         16

94.     The allegations contained in Paragraph 94 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

95.     Intervenors deny all allegations in Paragraph 95.

96.     The allegations contained in Paragraph 96 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

97.     Intervenors deny all allegations in Paragraph 97.

98.     The allegations contained in Paragraph 98 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

99.     The allegations contained in Paragraph 99 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

100.     The allegations contained in Paragraph 100 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

101.     The allegations contained in Paragraph 101 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

## THIRD CLAIM FOR RELIEF

102.    Responding to the allegations contained in Paragraph 102 of the Complaint, Intervenors incorporate their responses to Paragraphs 1 through 101, inclusive, as set forth above.

103.    The allegations contained in Paragraph 103 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

104.    The allegations contained in Paragraph 104 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.  Moreover, the allegations contained in paragraph 104 are Plaintiffs' characterizations and contentions regarding the LCFS.  To the extent that a response is required, Intervenors deny these allegations on the grounds that the LCFS is the best evidence of its contents.

105.    The allegations contained in Paragraph 105 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

106.    The allegations contained in Paragraph 106 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

107.    The allegations contained in Paragraph 107 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

108.    The allegations contained in Paragraph 108 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

109.    The allegations contained in Paragraph 109 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

110.    The allegations contained in Paragraph 110 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

## FOURTH CLAIM FOR RELIEF

111.    Responding to the allegations contained in Paragraph 111 of the Complaint, Intervenors incorporate their responses to Paragraphs 1 through 110, inclusive, as set forth above.

112.    The allegations contained in Paragraph 112 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

113.    The allegations contained in Paragraph 113 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

114.    The allegations contained in Paragraph 114 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

115.    The allegations contained in Paragraph 115 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

116.    The allegations contained in Paragraph 116 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

117.    The allegations contained in Paragraph 117 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

118.    The allegations contained in Paragraph 118 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

119.    The allegations contained in Paragraph 119 are conclusions of law to which no response is required.  To the extent that a response is required, Intervenors deny these allegations.

### RELIEF REQUESTED AND DEMAND FOR A JURY TRIAL

120.    The remaining allegations in the Complaint are the Plaintiffs' requests for relief and demand for a trial by jury, to which no response is required.  To the degree that a response is required, Intervenors denies these allegations.

### AFFIRMATIVE DEFENSES

1.    The Court lacks subject matter jurisdiction over each and every one of Plaintiffs' claims for relief.

2.    Venue does not lie in this Court.

Defendants-Intervenors' Answer to Complaint for Declaratory and Injunctive Relief, Case No. 1:10-cv-00163-LJO-DLB                20

3.  Plaintiffs' claims should be dismissed due to the failure to state sufficient facts to constitute a claim against Defendants.

4.  Plaintiffs' claims should be dismissed due to Plaintiffs' lack of standing to raise their claims against Defendants.

5.  Plaintiffs' claims should be dismissed due to Plaintiffs' unclean hands in bringing this petition.

6.  Plaintiffs' claims should be dismissed on the grounds that the claims are not ripe.

WHEREFORE, Intervenors pray that:

1.  The Complaint be dismissed;

2.  Plaintiffs take nothing by their action;

3.  Judgment be awarded against Plaintiffs and in favor of Defendants and Intervenors;

4.  Defendants and Intervenors be awarded their costs of suit; and

5.  Any other relief deemed appropriate by this Court.

Respectfully submitted,

DAVID PETTIT
MELISSA LIN PERRELLA
NATURAL RESOURCES DEFENSE COUNCIL

NANCY S. MARKS
VIVIAN H. WANG
NATURAL RESOURCES DEFENSE COUNCIL
40 West 20th Street
New York, NY 10011
Telephone:  (212) 727-2700
Facsimile:  (212) 727-1773
E-mail:      nmarks@nrdc.org; vwang@nrdc.org

Defendants-Intervenors' Answer to Complaint for Declaratory and Injunctive Relief,
Case No. 1:10-cv-00163-LJO-DLB          21

Dated:  July 14, 2010          By:     /s/ David Pettit_____
                                        DAVID PETTIT

Attorneys for Defendant-Intervenor
Natural Resources Defense Council, Inc.


PAT GALLAGHER (SBN 146105)
DIRECTOR OF ENVIRONMENTAL LAW
SIERRA CLUB
85 Second Street, 5th Floor
San Francisco, CA 94105
Telephone:   (415) 977-5709
Facsimile:   (415) 977-5793
E-mail :       pat.gallagher@sierraclub.org


By:     /s/ Pat Gallagher_____
                PAT GALLAGHER

Attorney for Defendant-Intervenor
Sierra Club


JANE WEST
CONSERVATION LAW FOUNDATION
47 Portland Street, 4th Floor
Portland, ME 04101
Telephone:   (207) 210-6439
Facsimile:   (207) 221-1240
E-mail :       jwest@clf.org


By:     /s/ Jane West_____
                JANE WEST

Attorney for Defendant-Intervenor
Conservation Law Foundation

**<u>DECLARATION OF SERVICE</u>**

Case Name: **National Petrochemical & Refiners Assn. et al. v. Goldstene, et al.**

No.:          **1:10-cv-00163-LJO-DLB**

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1314 2nd Street, Santa Monica, CA 90401.

      On July 14, 2010, I served the foregoing document described:

**DEFENDANTS-INTERVENORS' ANSWER TO**

**COMPLAINT FOR DECLARATORY AND**

**INJUNCTIVE RELIEF**

by causing copies to be sent via this Court's ECF system to:

| | |
|---|---|
| James W. Coleman<br>Paul J. Zidlicky<br>SIDLEY AUSTIN LLP<br>1501 K Street, N.W.<br>Washington, D.C. 20005<br><br>Marie L. Fiala<br>SIDLEY AUSTIN LLP<br>555 California Street<br>San Francisco, CA 94104-1715 | Attorneys for Plaintiffs |
| Mark W. Poole,<br>Deputy Attorney General<br>State of California, Dept of Justice<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, California 94102-7004<br><br><br>James N. Goldstene<br>Executive Officer | Attorneys For Defendants |

| | |
|---|---|
| CALIFORNIA AIR RESOURCES BOARD<br>1001 "I" Street<br>Sacramento, California 95812 | |
| Seth Throop Karpinski<br>OREGON DEPARTMENT OF JUSTICE<br>1162 Court Street NE<br>Salem, OR 97301 | Attorney for Amicus Curiae<br>State of Oregon |
| Rachel Lena Chanin<br>ARNOLD & PORTER LLP<br>275 Battery Street<br>Suite 2700<br>San Francisco , CA 94111<br><br>Jonathan S. Martel<br>ARNOLD & PORTER LLP<br>555 12th Street, N.W.<br>Washington, D.C. 20004 | Attorneys for Amicus Curiae<br>Brazilian Sugar Cane Industry<br>Association (UNICA) |
| John Stuart Poulos<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>2600 Capitol Avenue, Suite 300<br>Sacramento, CA 95816-5930<br><br>Thomas C. Sand<br>MILLER NASH LLP<br>111 SW Fifth Avenue, Suite 3400<br>Portland, OR 97204 | Attorneys for Amicus Curiae<br>Oregon Petroleum Association |

___ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_ (Federal) I declare that I am an employee in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 14, 2010, at Santa Monica, California.

/s/ David Pettit